No. 03-024

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 164N

IN THE MATTER OF D.K. & K.K.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause Nos. ADJ-02-009-Y, ADJ-01-142-Y
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Carl Jensen, Chief Deputy Public Defender, Great Falls, Montana
(for father)

    For Respondent:

        Hon. Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

        Brant Light, Cascade County Attorney; Gina Bishop, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  May 1, 2003

Decided:  June 10, 2003

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The natural father of D.K. and K.K. appeals from the termination of his parental rights. We affirm the judgment entered by the Eighth Judicial District Court, Cascade County.

¶3 Eleven-month-old K.K. was adjudicated a youth in need of care in August of 2001 because she was deemed in danger of abuse or neglect as a result of domestic violence between her parents, both admitted methamphetamine abusers. D.K. was born in January of 2002, placed in foster care with his sister K.K. and adjudicated a youth in need of care shortly thereafter. The father was sentenced to prison during these proceedings and remained incarcerated until after the District Court terminated his parental rights.

¶4 We review a district court's decision to terminate parental rights for abuse of discretion. *In re Custody of C. F.*, 2001 MT 19, ¶ 11, 304 Mont. 134, ¶ 11, 18 P.3d 1014, ¶ 11 (citations omitted). We review the court's findings of fact to determine whether the findings are clearly erroneous and its conclusions of law not involving the exercise of discretion to determine whether they are correct. *In re M.J.W.*, 1998 MT 142, ¶ 7, 289 Mont. 232, ¶ 7, 961 P.2d 105, ¶ 7 (citations omitted).

¶5     The District Court terminated the father's parental rights under § 41-3-609(1)(f), MCA, which provides that parental rights may be terminated if the child has been adjudicated a youth in need of care, the parents have not complied with an appropriate treatment plan approved by the court, and the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time. The court determined K.K. and D.K. had been adjudicated youths in need of care, the father had not complied with an appropriate court-approved treatment plan, and the conduct or condition of the father rendering him unfit is unlikely to change within a reasonable time.

¶6     The District Court made extensive additional findings of fact. It found, for example, the father did not satisfy the requirements of his treatment plan that he successfully complete parenting classes, demonstrate that he successfully achieved and maintained a chemical-free lifestyle, provide verification to the Department of Public Health and Human Services (DPHHS) social worker that he obtained a psychological evaluation or successfully completed an anger management program, or maintain a relationship with the children by attending every scheduled visitation and writing, sending pictures, and calling them on the telephone. The court also found that the children have special needs including stability, consistency and permanency and that, based on the father's history and unwillingness to cooperate or change his behaviors, continuing the parent-child legal relationship likely would result in continued abuse or neglect. Based on these findings, the District Court determined the father did not comply with or successfully complete the treatment plan, the treatment plan was not successful and the conduct of the father is not likely to change within a

reasonable time. As a result, the court terminated the father's parental rights to K.K. and D.K.

¶7 The father does not challenge the District Court's findings and, indeed, the findings are supported by substantial evidence and are not otherwise clearly erroneous. The father contends, however, that termination of his parental rights violates principles of fundamental fairness and constitutes an abuse of discretion. We disagree.

¶8 The father argues that he substantially complied with the terms of his treatment plan, which he claims was impossible to complete on time because of his imprisonment. He says he finished anger management classes and an addictive disease study program and that the only reason he did not complete parenting classes in prison was that he was told he would have to complete that class "on the street."

¶9 This was not a situation in which the father's opportunity to comply with the treatment plan was cut short. The District Court found that the treatment plan which DPHHS developed--and the court approved--for the father was detailed, reasonable and achievable. The father refused to sign his treatment plan and the court found he refused to participate in urinalysis testing, as required under the treatment plan. In addition, the court found that the father did not provide DPHHS with verification of the programs he claims to have completed in prison.

¶10 The father states he was very diligent in turning his life around after his children were taken from him and argues termination of his parental rights at this time is not in D.K.'s and K.K.'s best interests, because he had a good relationship with them. Although the record

4

indicates the father demonstrated good rapport with his children during visits before he went to prison, that does not negate the domestic abuse issues which led to DPHHS's involvement with this family. The father's sister-in-law testified that a week before the termination hearing, she received a letter from the father in which he threatened to blacken the eyes of K.K.'s and D.K.'s mother if the sister-in-law let her have any of the items from his apartment which had been placed in storage. Further, as noted above, the District Court found the father had not complied with several requirements of his treatment plan. Partial compliance with a treatment plan is insufficient. *In re D.H.*, 2001 MT 200, ¶ 30, 306 Mont. 278, ¶ 30, 33 P.3d 616, ¶ 30 (citing *In re A.N.*, 2000 MT 35, ¶ 45, 298 Mont. 237, ¶ 45, 995 P.2d 427, ¶ 45).

¶11 On the record before us, we conclude the father has not established that termination of his parental rights violated principles of fundamental fairness. Therefore, we hold the District Court did not abuse its discretion in terminating the father's parental rights.

¶12 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JIM REGNIER